**Affirm and Opinion Filed October 4, 2021**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00746-CR

**DERRICK DEMOND JAMES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-82344-2018**

## MEMORANDUM OPINION

Before Justices Molberg, Goldstein, and Smith
Opinion by Justice Molberg

Derrick James, appellant, was charged with possession of a controlled substance, a third-degree felony, in 2018. He pleaded guilty, was sentenced to five years' confinement, and his sentence was probated for three years. Nearly two years later, the trial court revoked appellant's probation after he pleaded true to the State's allegations that he violated various terms and conditions of probation. The court sentenced him to three years and eight months' confinement. Appellant appealed to this Court. Court-appointed appellate counsel, Kara Fitts, filed an *Anders* brief and a motion to withdraw as counsel, asserting that there are no non-frivolous issues that

appellant could raise on appeal. We have reviewed the record and agree. We grant counsel's motion to withdraw and affirm the judgment below.

BACKGROUND

Appellant was subject to twenty-one different terms and conditions while on probation. In its second motion to revoke probation, the State alleged eleven violations of those terms, including that appellant committed a new offense; failed to pay restitution; failed to pay a substance abuse evaluation fee; failed to pay his monthly supervision fee; failed to report to his supervision officer over the course of several months; failed to perform community service; failed to complete outpatient substance abuse treatment "and all recommended aftercare"; failed to complete the drug offender education program; failed to complete supportive outpatient treatment as recommended by his substance abuse evaluation; failed to pay a fine; and failed to pay court costs.

Appellant elected to have an "open plea" to the trial court in which he pleaded "true" to the State's allegations in its revocation motion and the trial court determined his punishment. Appellant's probation caseworker testified that appellant was first placed on probation on December 21, 2018. She testified about the above-mentioned terms and conditions. The caseworker said that they were explained to him when he was first placed on probation. She said that when Collin County's probation department attempted to transfer appellant's probation to Dallas County, appellant failed to report for two Dallas County appointments. The Collin

County caseworker attempted to contact appellant several times, and when that did not work, they "started the process for a motion to revoke because he had then absconded probation."

Appellant was continued on probation in November 2019, and his terms and conditions were again explained to him. The caseworker testified appellant completed a substance abuse evaluation. But he did not complete any other conditions of probation. He did not complete probation-ordered therapy, community service hours, or making payments required of him. Another attempted transfer to Dallas County failed, and the process repeated itself when appellant did not go to appointments or respond to his caseworker. The State went forward with its second motion to revoke.

Appellant testified he lived with his grandmother while on probation. He worked for a logistics company. He testified he had used marijuana for ten or twelve years, but he said he had not used any since being on probation. Appellant said he accepted responsibility for failing to cooperate with probation. He admitted it did not look like he had done much. But he testified he completed his community service at a church in 2019. When asked why he failed to report to Dallas County, he said that he "didn't have any knowledge." He also said Dallas County probation called him and he returned their call, but then he did not hear from them again. When the same thing happened the second time, appellant said he "was still under the impression that they would give [him] another call." He said he did not reach back

out to Collin County because he had a lot going on and it "just actually slipped my mind." Appellant said he wanted a third chance because he had his priorities messed up before, but "now . . . I'm more focused on this." He said he had more time to devote to probation than he had previously.

The trial court found the allegations in the State's motion to revoke to be true. The court also found that appellant was "not a good candidate for probation" and sentenced him to three years and eight months' confinement in the Institutional Division of the Texas Department of Criminal Justice, well below the highest range of punishment. Appellant appealed that judgment and was appointed counsel, who filed the *Anders* brief and motion to withdraw that are before us.

ANALYSIS

If court-appointed appellate counsel files an *Anders* brief asserting that no arguable grounds for appeal exist, we must independently examine the record to determine whether the appeal is "wholly frivolous." *Anders v. California*, 386 U.S. 738, 744–45 (1967). "An appeal is 'wholly frivolous' or 'without merit' when it 'lacks any basis in law or fact.'" *Crowe v. State*, 595 S.W.3d 317, 319 (Tex. App.— Dallas 2020, no pet.) (quoting *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10 (1988)). Arguments are frivolous if they cannot conceivably persuade the court. *Id.*

Counsel states in her *Anders* brief that she conducted a thorough review of the record in this case and was "unable to find any non-frivolous error for this Court to review." In a letter to this Court, counsel confirmed she mailed a letter to appellant

in which she "notified him of his right to file a pro se response and his right to review the record in preparation for filing the response." She also notified him of his pro se right to seek discretionary review should we find his appeal frivolous. With her letter, counsel stated that she included copies of her brief and motion to withdraw. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Subsequently, counsel "sent [appellant] a complete copy of the reporter's record, the clerk's record, and a letter that again stated his right to file a pro se response and his pro se right to seek discretionary review should his appeal be found frivolous."

This Court also sent appellant a letter informing him that counsel filed an *Anders* brief and a motion to withdraw. Copies of the brief and motion were included with the letter. We informed appellant he had a right to review the appellate record himself, to file a pro se response, and to seek discretionary review should the Court find his appeal frivolous. Appellant did not file a response.

CONCLUSION

Based on our review of the record, we conclude that appellant's appeal "lacks any basis in law or fact" and is therefore frivolous. *See Crowe*, 595 S.W.3d at 319. Accordingly, we grant counsel's motion to withdraw, and we affirm the trial court's judgment.

/Ken Molberg/
KEN MOLBERG
JUSTICE

200746f.u05
Do Not Publish
TEX. R. APP. P. 47



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DERRICK DEMOND JAMES,
Appellant

No. 05-20-00746-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 296-82344-
2018.
Opinion delivered by Justice
Molberg. Justices Goldstein and
Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 4th day of October, 2021.